STRONG *vs.* VAN DEURSEN and OPPIE and others.

1. A purchase money mortgage has preference over lien claims for work and materials put upon the property by contract with the purchaser, between the execution of the contract of purchase and the conveyance.

2. An assertion by the person holding the legal title to lands, made to parties about to erect buildings thereon under agreement with the person who has a contract of purchase therefor, that they would be perfectly safe in going on, is not a contract with them to put up the buildings. It is not such consent as will bind the owner or the property ; to have such effect it must be in writing.

---

Argued upon final hearing, on bill, answer, and proofs.

*Mr. A. V. Schenck,* for complainant.

*Mr. G. C. Ludlow,* for defendants.

THE CHANCELLOR.

The complainant's bill is to foreclose a mortgage given by J. F. Beck to William Wright, and assigned by Wright to the complainant. The defendants, Van Deursen and Oppie, have title under the sheriff's deed on a judgment obtained against Beck, and against the premises upon a claim filed under the mechanics' lien law.

Wright, who owned the land, by a written contract made October 24th, 1870, agreed to sell it to Beck. After this agreement and before he received the deed, Beck employed Van Deursen and Oppie to erect a building on the premises. They finding, upon searching the records, that Beck had no deed for the lot, went with him to Wright to get his consent. They told Wright that Beck did not have a deed, and that they were not satisfied to go on with the building and that they came to get his consent. Wright said that he had sold the property to Beck; that everything was all right; that the delay in delivering the deed was on account of the lawyer; that Beck would get his deed in a few days, and should have had it a week ago; and that they were perfectly safe in going on. The building was nearly, if not quite, finished before the deed was executed or delivered. The deed and the mortgage of the complainant were both executed and acknowledged on the 14th of November, 1870, and were both recorded on the 8th of December; and the mortgage was assigned to the complainant on the 8th day of December, 1870.

Van Deursen and Oppie filed their building lien February 24th, 1871. This lien was for work and materials in erecting this building. On this a general and special judgment was obtained against Beck and the premises, which were conveyed to them by the sheriff by deed dated December 4th, 1871.

Van Deursen and Oppie claim that their title is prior to and free from the complainant's mortgage, because the building was commenced before the mortgage was recorded. This question was raised and decided in the case of *The National*

*Bank of the Metropolis* v. *Sprague,* 5 *C. E. Green* 13.  In that case there was a written contract of sale, made six months before the deed or mortgage was delivered, and it was held that the purchase money mortgage had preference to lien claims for work and materials put upon the property by contract with the purchasers between the contract and conveyance.

They further claim that the representations and directions by Wright in the conference with him, amount to an employment or contract with them to put up these buildings.

I cannot consider anything that took place at the interview between Wright and these defendants, amounts to or can be converted into a contract or employment by him.  Beck had engaged them to build for him.  They knew that Wright had contracted to sell the property to Beck, and did not want or intend to build for himself.  The object in seeing him was to get his consent and ascertain how the matter stood.  He told them truthfully how the matter stood, and told them they would be safe in going on.  Wright did not even give a direct, verbal consent, and a written one would have been necessary to bind him or the property.  They knew when they commenced building that Beck had no deed, but only a contract to convey ; that he had only the equitable, and not the legal title ; and they must be held to a knowledge of the law that their claims under the lien law would be subject to any mortgage for the consideration.  And without this strict rule of law they must be supposed to know that a mechanic or manufacturer, unless very wealthy, usually gives a mortgage for part of the consideration in the purchase of a lot.  For this they made no inquiry, and perhaps were willing to rely on the increased value their work could add to the lot above any consideration mortgage.  Had they inquired as to this, Wright would be held to answer truthfully.  He disclosed fully and fairly all that he was inquired for, and made no promise.  His representation that they would be perfectly safe, was intended, and can be held only to mean, that they might rely on Beck receiving his deed.  He did not intend

to guaranty the debt, and could not have made any lawful guaranty except in writing.

Another charge is that there was a fraudulent agreement between Wright and Beck to retain the deed until the building was erected, so that Van Deursen and Oppie might be kept in ignorance of the amount of the mortgage until the building was completed. There is no proof of this except the circumstances, which I do not think warrant this conclusion. And it is denied in their testimony by both Wright and Beck, neither of whom have any interest in the cause or in the question, except so far as the charge is an imputation on their characters.

The mortgage of the complainant is a valid encumbrance on the premises as against the defendants, Van Deursen and Oppie, and he is entitled to have the same paid out of the mortgaged premises.